**Jacob Johnstun, OSB No. 162146**, jjohnstun@johnstuninjurylaw.com
JOHNSTUN INJURY LAW LLC
1935 St. Helens Street, Suite A
St. Helens, Oregon 97051
Telephone: (503) 410-3572
Facsimile: (503) 389-1548
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON
# PORTLAND DIVISION

| | |
|---|---|
| **TAMMY JURGENS**, in her personal capacity as personal representative of the Estate of **LINDA BROWN**, deceased,<br><br>        **PLAINTIFF**,<br><br>    v.<br><br>**COLUMBIA COUNTY**, an Oregon municipality, **BRIAN PIXLEY**, in his official capacity, **SOPHIE FRAZIER**, in her individual and official capacity, **CHRISTOPHER STOBBE**, in his individual and official capacity, **CHRISTOPHER NEIFERT**, in his individual and official capacity, **JUSTEN JUMP**, in his individual and official capacity, **BROOKE MCDOWALL**, in his individual and official capacity, **CORRECT CARE SOLUTIONS, LLC d/b/a/ WELLPATH LLC, NANCY RONAN**, in her individual capacity, **MADELINE GRIFFITH**, in her individual capacity, and **KELSIE HANSON**, in her individual capacity,<br><br>        **DEFENDANTS**. | Case No. 3:22-cv-300<br><br>**COMPLAINT**<br><br>CIVIL RIGHTS VIOLATIONS (42 U.S.C. § 1983); NEGLIGENCE<br><br>DEMAND FOR JURY TRIAL |

Page 1 - COMPLAINT

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

# INTRODUCTION

1.

This case concerns an inmate's desperate pleas for escalated medical attention, and a jail staff's conscious decision to ignore and downplay the seriousness of the situation. This inmate, Ms. Linda Brown, had been in and out of the hospital on dozens of occasions over the three years leading up to her October 2020 time at the Columbia County Jail. These hospital visits were due to her serious health concerns, which included chronic alcohol abuse, alcoholic pancreatitis, alcoholic liver disease, chronic obstructive pulmonary disease diabetes, coronary artery disease, congestive heart failure, hypertension, hyperlipidemia, and hearing loss to the point of requiring a hearing aid. And despite Ms. Brown crying out and begging to be taken to a hospital, jail and medical staff refused. Jail and medical staff also failed to obtain and administer to Ms. Brown her prescribed medications, which were necessary for her survival. Nor did they offer any meaningful assistance that would have enabled Ms. Brown to access her personal funds and make bail, so that she could obtain the required medical care on her own. Unfortunately, after defendants' deliberate inaction and indifference, Ms. Brown was found dead in her cell after approximately 10 days in the Columbia County Jail.

# JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over Ms. Jurgens' claims of violation of federal constitutional rights pursuant to 28 U.S.C. §§ 1331(a) and 1343, and 42 U.S.C. § 1983. This Court has jurisdiction over Ms. Jurgens' state law claims under 28 U.S.C. § 1367.

Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because

Page 2 - COMPLAINT

**Johnstun Injury Law LLC**

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

a substantial part of the events or omissions giving rise to Ms. Jurgens' claims occurred in the District of Oregon and because Defendants are subject to personal jurisdiction in the District of Oregon.

## PROCEDURAL MATTERS

3.

Pursuant to ORS § 30.275, tort claim notice was properly provided to County defendants.

## PARTIES

4.

At all material times, Plaintiff Tammy Jurgens (Plaintiff) was an Oregon resident. She is the biological sister of Linda Brown (Ms. Brown), who is now deceased. On November 17, 2020, the Honorable Cathleen B. Callahan of the Columbia County Circuit Court appointed Plaintiff as the personal representative of Ms. Brown's estate.

5.

At all material times, Defendant Columbia County (County) was the Oregon public agency that owned and operated the Columbia County Sheriff's Office and Jail, and employed the people who work there. Columbia County contracted with Correct Care Solutions to provide medical services at the jail.

6.

At all material times, Defendant Brian Pixley (Sheriff Pixley) was the elected sheriff of Columbia County, and was responsible for the operation and oversight of the Columbia County Jail. He is sued in his official capacity.

///

///

Page 3 - COMPLAINT

**Johnstun Injury Law LLC**

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

7.

At all material times, defendants Sophie Turner (Corporal Turner), Christopher Stobbe (Deputy Stobbe), Christopher Neifert (Sergeant Neifert), Justen Jump (Corporal Jump), and Brooke McDowall (Lieutenant McDowall) were officers who worked at the Columbia County Sheriff's Office and Jail. They are sued in their individual and official capacities.

8.

At all material times, Correct Care Solutions d/b/a/ Wellpath LLC (CCS) was a Tennessee based for profit corporation. CCS contracts with jails and prisons to provide medical services within institutions. CCS contracted with Columbia County to provide medical services at the Columbia County Jail.

9.

At all material times, defendants Nancy Ronan (Ms. Ronan), Madeline Griffith (Ms. Griffith), and Kelsie Hanson (Ms. Hanson) were nurses employed by CCS and worked at the Columbia County Jail, and were responsible for the medical treatment of the jail's inmates. They are sued in their individual capacities.

**FACTUAL ALLEGATIONS**

10.

On or around October 12, 2020, Ms. Brown was booked and processed at the Columbia County Jail under the suspicion of driving under the influence of alcohol.

11.

Ms. Brown was a former probation officer who was well known to the sheriff's office and jail's employees, in part because of her heavy dependence on alcohol and frequent impairment.

Page 4 - COMPLAINT

**Johnstun Injury Law LLC**

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

12.

As of October 2020, Ms. Brown had been a patient at hospital emergency rooms dozens of times over the past three years.  Ms. Brown had been diagnosed with chronic alcohol abuse, alcoholic pancreatitis, alcoholic liver disease, chronic obstructive pulmonary disease diabetes, coronary artery disease, congestive heart failure, hypertension, hyperlipidemia, and hearing loss to the point of requiring a hearing aid.

13.

County and CCS employees knew Ms. Brown was in very poor health when she was booked in the jail on October 12, 2020.  When she was booked, Ms. Brown had a LifeAlert on her keychain.

14.

On several occasions from October 12 to October 23, 2020, Ms. Brown pushed her cell's call button to the pod's control center and begged and pleaded for outside medical intervention. These requests were denied.  Ms. Brown then resulted to screaming and yelling inside her cell about her need to be taken to a hospital.  Every one of the individual defendants named in this complaint were aware of Ms. Brown's desperate pleas to be taken to a hospital, and not one of them took meaningful, reasonable action that would have either facilitated Ms. Brown's prompt exit from the jail, or revealed Ms. Brown's dire medical emergency and led to the necessary treatment.

15.

On at least one occasion during the limited time Ms. Brown was allowed out of her cell, Corporal Jump caught Ms. Brown attempting to contact an ambulance company through a payphone in order to be taken to the hospital.  Corporal Jump asked Ms. Brown why she needed

Page 5 - COMPLAINT

Johnstun Injury Law LLC
Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph:  503.410.3572
Fax: 503.389.1548

out of jail.  Ms. Brown responded that she believed she had a bladder infection.  Corporal Jump said the jail's medical staff could treat that, and denied her request for outside medical intervention.

16.

From October 12 to October 23, 2020, Ms. Brown made numerous attempts to contact her attorney and Plaintiff in order to access her personal funds and make bail.  However, Ms. Brown's hearing aid batteries had been depleted, and most of her hearing ability was lost.  Consequently, her attempts to use a phone inside the jail proved to be futile.  And because Ms. Brown could not be out of her cell at the same time as other inmates, other inmates could not help her.  At least one correctional officer made limited attempts to help Ms. Brown use the payphone.  Yet, these limited attempts resulted in no benefit to Ms. Brown because correctional officers were unwilling to render Ms. Brown the degree of help that was required.

17.

After an extreme amount of difficulty, Ms. Brown finally succeeded in getting a message to her attorney that she needed new hearing aid batteries.  Much of this difficulty and delay was due to the need for jail approval to bring the hearing aid batteries.  But even after jail approval had been given, Corporal Turner, Deputy Stobbe, Sergeant Neifert, Corporal Jump, and Lieutenant McDowall forgot to notify Ms. Brown's attorney, and Ms. Brown never received new batteries.

18.

Correctional officers permitted Ms. Brown to see the jail's medical staff, including Ms. Ronan, Ms. Griffith, and Ms. Hanson.  However, these nurses failed to take adequate measures to diagnose, treat, and/or transport Ms. Brown to a hospital.  In addition, Ms. Brown had been

Page 6 - COMPLAINT

**Johnstun Injury Law LLC**

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph:  503.410.3572
Fax: 503.389.1548

previously prescribed numerous medications to treat her significant health problems (chronic alcohol abuse, alcoholic pancreatitis, alcoholic liver disease, chronic obstructive pulmonary disease diabetes, coronary artery disease, congestive heart failure, hypertension, hyperlipidemia, and hearing loss to the point of requiring a hearing aid).  Her medications were important and necessary to her survival.  Yet, jail medical staff, including those mentioned above, made no attempts to obtain or administer Ms. Brown's prescribed medications to her.

19.

In addition to witnessing Ms. Brown's desperate pleas for meaningful medical assistance that the jail could not provide, Corporal Turner, Deputy Stobbe, Sergeant Neifert, Corporal Jump, Lieutenant McDowall, Ms. Ronan, Ms. Griffith, and Ms. Hanson:

a) Witnessed Ms. Brown suffering from extreme alcohol withdrawal;

b) Knew that Ms. Brown had significant pre-existing medical conditions;

c) Saw that Ms. Brown could barely walk; and

d) Knew that Ms. Brown could not effectively communicate without new hearing aid batteries, and that she could not contact Plaintiff or her attorney without assistance.

20.

Despite their knowledge and observations, all defendants named in paragraph 19 willingly and deliberately ignored Ms. Brown's dire situation, and without justification, chose to believe that Ms. Brown was simply exaggerating her present condition.

21.

On the morning of October 23, 2020, Ms. Brown was found unresponsive in her cell. Paramedics were contacted and dispatched, and they pronounced her dead on the scene.  An

Page 7 - COMPLAINT

**Johnstun Injury Law LLC**

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph:  503.410.3572
Fax: 503.389.1548

autopsy report ruled the cause of death as "Complications of liver cirrhosis due to chronic ethanolism."

22.

Ms. Brown's death could have been prevented if defendants had given her reasonable assistance in order to make bail, and she could have sought necessary medical treatment on her own, or if defendants facilitated the necessary medical treatment themselves.

### FIRST CLAIM FOR RELIEF

### (42 U.S.C. § 1983 – Eighth And Fourteenth Amendments – Cruel And Unusual Punishment)

23.

Plaintiff incorporates paragraphs 1-22 as if more fully pleaded herein.

24.

Section 1983, a part of the Civil Rights Act of 1871, prohibits any person acting under color of state law to deprive any United States citizen of the rights, privileges and immunities secured by the Constitution of the United States. Among the rights protected by this section is the right under the Eighth and Fourteenth Amendments of the Constitution to be free from the infliction of cruel and unusual punishments.

I. **Count 1: Deliberate Indifference to Serious Medical Need: Defendants Corporal Turner, Deputy Stobbe, Sergeant Neifert, Corporal Jump, Ms. Ronan, Ms. Griffith, Ms. Hanson, and Correct Care Solutions**

25.

Defendants acted under the color of state law in engaging in the activities described above to deprive Ms. Brown, a citizen of the United States, of the rights secured to her by the Eighth and Fourteenth Amendments to the Constitution to be free from the infliction of cruel and unusual punishments.

Johnstun Injury Law LLC
Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

26.

Ms. Brown was suffering from a life-threatening, serious medical need while an inmate at the Columbia County Jail in October 2020.

27.

Defendants were aware of, or should have been aware of, Ms. Brown's serious medical need, and yet were deliberately indifferent in their failure to adequately address that serious medical need.

28.

As a result of defendants' deliberate indifference, Ms. Brown suffered severe emotional distress, physical pain, and death.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**II.    Count 2: Deliberate Indifference to Serious Medical Need – Monell Liability: Defendants Columbia County and Brian Pixley**

29.

Defendants County and Sheriff Pixley engage in and support an unofficial custom and often repeated practice of failing to assist and be deliberately indifferent towards inmates suffering from a serious medical need.

30.

These customs and practices are apparent from many past incidents with inmates in their custody, including:

a) Allowing mentally ill inmates to starve themselves with little to no medical intervention;

b) Ushering seriously injured inmates onto the street late at night rather than facilitate a medical transfer, despite the inmates having no reliable transportation and there being no hospitals within 30 miles;

Page 9 - COMPLAINT

Johnstun Injury Law LLC

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

c) Refusing to stop inmates from seriously harming or killing themselves; and

d) Refusing to provide inmates with properly sized catheters who require them to drain their bladder, causing a great risk of the bladder bursting.

31.

The toxic customs, practices, and culture of defendants creates enormous risk to any inmate in their custody who suffer significant pre-existing medical conditions. The need for more or different training was so obvious, and the inadequacy so likely to result in the violations of constitutional rights as to amount to a policy of deliberate indifference to citizens' constitutional rights.

32.

It was foreseeable that the customs, practices, and culture of defendants would cause great harm to Ms. Brown, and that foreseeable risk was realized in Ms. Brown's untimely death.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## ALL COUNTS

33.

Plaintiff as personal representative of Ms. Brown's estate is entitled to economic and non-economic damages in an amount to be determined at trial and for Plaintiff's attorney fees and costs pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF

### (Negligence)

### (Against All Defendants)

34.

Plaintiff incorporates paragraphs 1-33 as if more fully pleaded herein.

Johnstun Injury Law LLC
Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

35.

Defendants' conduct as described above, and specifically addressed in paragraph 20, did foreseeably cause the untimely death of Ms. Brown.

36.

Accordingly, Plaintiff is entitled to economic and non-economic damages in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

37.

Plaintiff demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against all defendants as follows:

1. For economic, noneconomic, and punitive damage in an amount to be proven at trial;

2. For reasonable attorney fees, costs, and expert witness fees pursuant to 42 U.S.C. § 1988;

3. For pre-judgment and post-judgment interest, as appropriate, on all amounts due to Plaintiff as a result of this action; and

4. For such other relief as the Court may deem just.

DATED this 24th day of February, 2022.

By *s/ Jacob Johnstun*  
Jacob Johnstun, OSB #162146  
Email: johnstun.injury.law@outlook.com  
Telephone: 503-410-3572  
Facsimile: 503-389-1548

Page 11 - COMPLAINT

**Johnstun Injury Law LLC**

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548