IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TAMMY JURGENS**, in her personal capacity as personal representative of the Estate of LINDA BROWN, deceased, | Case No. 3:22-cv-300-IM |
| | **OPINION AND ORDER GRANTING PROVIDENCE DEFENDANT'S MOTION TO DISMISS** |
| Plaintiff, | |
| v. | |
| **COLUMBIA COUNTY,** an Oregon municipality; **BRIAN PIXLEY,** in his official capacity; **SOPHIE FRAZIER**, in her individual and official capacity; **JUSTEN JUMP**, in his individual and official capacity; **ALEX BUNCH**, in his individual and official capacity; **CORRECT CARE SOLUTIONS, LLC d/b/a/ WELLPATH LLC**; **MADELINE GRIFFITH**, in her individual capacity; **KELSIE HANSON**, in her individual capacity; **PROVIDENCE ST. VINCENT MEDICAL CENTER**; **FAREHAH NAWAZ, MD**; and **CHERRY CHEN, MD**, | |
| Defendants. | |

Dale Henry Pugh, Dale Pugh Law, 11374 Xavier Drive Suite 101,Westminster, CO 80031. Jacob Johnstun, Johnstun Injury Law LLC, 1935 St. Helens Street, Suite A St. Helens, OR 97051. Attorneys for Plaintiff.

PAGE 1 – OPINION AND ORDER

Melissa J. Bushnick, Lindsay Hart LLP, 1300 SW Fifth Avenue Suite 3400, Portland, OR 97201.
Sarah Desautels, Lewis Brisbois Bisgaard & Smith LLP, 888 SW Fifth Avenue Suite 900
Portland, OR 97204. Attorneys for Defendants Providence St. Vincent Medical Center, Farehah
Nawaz, MD, and Cherry Chen, MD.

**IMMERGUT, District Judge.**

Before this Court is a motion to dismiss for lack of subject-matter jurisdiction ("Defs.'

Mot"), ECF 50, filed by Defendants Providence St. Vincent Medical Center ("PSVMC"),

Farehah Nawaz, MD, and Cherry Chen, MD's (collectively, "Providence Defendants").

The allegations in the complaint arise from the death of Linda Brown on October 23,

2020, while she was in custody at the Columbia County Jail. Fourth Amended Complaint ("4th

Am. Compl."), ECF 43 ¶¶ 25, 36. On February 24, 2022, Plaintiff Tammy Jurgens filed this

action as representative of the estate of Ms. Brown. Complaint, ECF 1. Plaintiff's Fourth

Amended Complaint names Defendants Columbia County, the Columbia County Sheriff, and

several officers who worked at the Columbia County Jail (collectively, "Columbia County

Defendants"), Correct Care Solutions ("CCS") and medical staff employed by CCS who worked

at the Columbia County Jail (collectively, "CCS Defendants"), as well as the Providence

Defendants. ECF 43 ¶¶ 5–9.

Plaintiff has asserted the following claims under federal law: (1) Deliberate Indifference

to Serious Medical Needs under § 1983 against the Columbia County Defendants and CCS

Defendants; (2) Deliberate Indifference to Serious Medical Needs – *Monell* Liability under

§ 1983 against Columbia County and the Columbia County Sheriff; (3) Inadequate Corrections

Staffing – *Monell* Liability under § 1983 against Columbia County and the Columbia County

Sheriff; and (4) Discrimination Against Persons with Disabilities under the Americans with

Disabilities Act against the Columbia County Defendants. *Id.* ¶¶ 39–65. Plaintiff also asserts the

following claims under state law: (1) Wrongful Death against the Columbia County Defendants and CCS Defendants; and (2) Wrongful Death against the Providence Defendants. *Id.* ¶¶ 53–55, 61–65.

In their motion to dismiss, the Providence Defendants move to dismiss the sole claim asserted against them, arguing that this Court lacks subject-matter jurisdiction over the state law wrongful death claim as alleged against the Providence Defendants. Defs.' Mot., ECF 50 at 4. Plaintiff opposes this motion. *See* Plaintiff's Response to Providence's Motion to Dismiss ("Pl.'s Resp."), ECF 52. As explained more fully below, this Court GRANTS the Providence Defendants' motion to dismiss because the wrongful death claim against them does not involve the same nucleus of operative fact as Plaintiff's federal claims.

## BACKGROUND

On September 26, 2020, Ms. Brown was admitted to PSVMC following complaints about nausea, vomiting, diarrhea, and right leg pain. 4th Am. Compl., ECF 43 ¶¶ 12–13.[1] While at PSVMC, Ms. Brown's lab test results identified low levels of magnesium and phosphorus in her blood. *Id.* ¶¶ 13, 17. Doctor Nawaz was responsible for Ms. Brown's care from September 27, 2020 through October 1, 2020. *Id.* ¶ 16. During these five days, Doctor Nawaz ordered magnesium sulfate for Ms. Brown once but did not treat Ms. Brown for low phosphorous. *Id.* ¶ 16, 18. Doctor Chen took over Ms. Brown's medical care from October 2, 2020 through October 5, 2020. *Id.* ¶ 19. During three out of these four days, Dr. Chen administered magnesium sulfate once a day, but Dr. Chen also did not treat Ms. Brown's low phosphorous levels. *Id.*

---

[1] The facts in this opinion are all taken from Plaintiff's Fourth Amended Complaint. On a motion to dismiss, this Court must accept all well-pleaded factual allegations from the Fourth Amended Complaint as true and draw all reasonable inferences in Plaintiff's favor. *See Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013).

¶¶ 19, 20. Despite her low levels of magnesium and phosphorus, Ms. Brown was discharged from PSVMC on October 5, 2020 and admitted to a skilled nursing facility without instructions to treat her low levels of phosphorous and magnesium. *Id.* ¶¶ 21–22. Ms. Brown left the skilled nursing facility the next day without engaging in treatment. *Id.* ¶ 24.

On October 12, 2020, Ms. Brown was arrested for driving under the influence of alcohol and taken into custody at the Columbia County Jail. *Id.* ¶ 25. Ms. Brown remained at the Columbia County Jail until her death on October 23, 2020, when she was discovered unresponsive in her cell. *Id.* ¶ 29. The Fourth Amended Complaint contains conflicting allegations as to Ms. Brown's cause of death. The initial autopsy ruled the cause of death as "Complications of liver cirrhosis due to chronic ethanolism," and subsequent medical reviews identified the cause of death as cardiac arrhythmia. *Id.* ¶ 36.

In her federal claims relating to Ms. Brown's incarceration at the Columbia County Jail, Plaintiff alleges that the CCS Defendants and the Columbia County Defendants ignored or obstructed Ms. Brown's requests for medical attention several times and failed to administer her prescribed medications. *See id.* ¶¶ 29, 30, 33, 34, 35. Plaintiff also pleads that the County failed to help Ms. Brown obtain new hearing aid batteries, and that she was not given access to her prescribed medications. *Id.* ¶¶ 31, 32, 33. The Fourth Amended Complaint also cites to an insufficient number of corrections staff as a substantial factor in causing Ms. Brown's death. *Id.* ¶ 38.

In her wrongful death claim against the Providence Defendants, Plaintiff alleges that while Ms. Brown was admitted to PSVMC, they negligently provided care in five ways: (1) failing to sufficiently treat and/or stabilize Ms. Brown's magnesium levels; (2) failing to sufficiently treat and/or stabilize Ms. Brown's phosphorus levels; (3) failing to prescribe

adequate medication to treat Ms. Brown's magnesium and phosphorus levels; (4) failing to instruct the skilled nursing facility to treat Ms. Brown's low magnesium and phosphorus levels; and (5) failing to give adequate discharge instructions to Ms. Brown regarding her magnesium and phosphorus levels. *Id.* ¶¶ 61–63.

On July 17, 2023, the Providence Defendants moved to dismiss the sole claim asserted against them, arguing that this Court lacks subject-matter jurisdiction over the wrongful death claim asserted against the Providence Defendants. Defs.' Mot., ECF 50. Plaintiff responded on July 31, 2023. Pl.'s Resp., ECF 52.

## LEGAL STANDARDS

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Thus, a court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). When a court "lacks subject-matter jurisdiction, the court must dismiss the complaint" under Federal Rule of Civil Procedure 12(b)(1). *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015) (citation omitted).

A court may exercise supplemental jurisdiction over state-law claims "so long as the pendent state law claim is part of the same 'case or controversy' as the federal claim." *Trs. of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (citing *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1174 (9th Cir. 2002); 28 U.S.C. § 1367(a)). Nonfederal claims are part of the same case as federal claims when they "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Arroyo v. Rosas*, 19 F.4th 1202, 1210 (9th Cir. 2021) (citation and internal quotation marks omitted). A district court's decision

to exercise supplemental jurisdiction under § 1367(a) is discretionary. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "A 'facial' attack" under Rule 12(b)(1) "accepts the truth of the plaintiff's [well-pleaded] allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citation omitted).

## DISCUSSION

In their motion, the Providence Defendants assert a facial jurisdictional attack, arguing that this Court lacks supplemental jurisdiction over the state-law wrongful death claim asserted against them because the wrongful death allegations against them are distinct from the federal claims both factually and temporally. Defs.' Mot., ECF 50 at 5. Defendants state that the conduct alleged against the Providence Defendants took place at the PSVMC hospital between September 26, 2020 and October 5, 2020, while the facts underlying the federal claims alleged against other defendants took place when Ms. Brown was incarcerated at the Columbia County Jail between October 12, 2020 and October 23, 2020. *Id.* at 7. The Providence Defendants rely on two cases to argue this Court lacks supplemental jurisdiction here. *Id.* at 5–6 (first citing *McNair v. Oregon*, No. 2:16-cv-00871-SB, 2018 U.S. Dist. LEXIS 114301, at *5 (D. Or. Apr. 18, 2018) (finding that claims did not share a common nucleus of operative fact because they involved "a discrete set of facts and potential witnesses" and took place in separate locations); and then citing *Serrano-Moran v. Grau-Gaztambide*, 195 F.3d 68, 69 (1st Cir. 1999) (affirming a district court's refusal to exercise supplemental jurisdiction because the "facts and witnesses as to the two sets of claims are essentially different" and "[w]hether or not the police violated [plaintiff's] civil rights

has nothing to do with whether the hospital and doctors conformed to the requisite standard of care")).

Plaintiff does not respond to the cases cited by the Providence Defendants, but states that the negligence alleged against the Providence Defendants is similar to the negligence alleged against the Columbia County Defendants and the CCS Defendants—in that each party "failed to properly investigate, evaluate, assess, and treat [Ms. Brown's] medical condition." Pl.'s Resp., ECF 52 at 2–3. Nor does Plaintiff allege a separate basis for subject-matter jurisdiction, but only argues in conclusory fashion that the negligence alleged against the Providence Defendants and the other defendants share a common nucleus of operative fact. *Id.* at 2.

This Court agrees with the Providence Defendants that the wrongful death claim alleged against the Providence Defendants does not share a common nucleus of operative fact with the federal claims under § 1983 and the ADA asserted against the remaining defendants. First, the wrongful death claim against Providence and federal claims against other defendants are temporally distinct: Ms. Brown was discharged from PSVMC on October 5, and she was not taken into custody at Columbia County Jail until October 12. 4th Am. Compl., ECF 43 ¶¶ 21, 25. Additionally, Ms. Brown died 18 days after she was discharged from PSVMC, and after she was held in Columbia County custody for 11 days. *Id.* ¶¶ 21, 25, 36. Second, the alleged negligence took place at different locations, PSVMC and the Columbia County Jail. *Id.* ¶¶ 12–52, 56–65. And third, the negligence alleged is of a different nature. In the claims against Columbia County and Correct Care Solutions, Plaintiff alleges that jail staff: a) witnessed Ms. Brown suffering from prolonged nausea, vomiting, diarrhea, severe confusion, and limited food intake; b) knew that Ms. Brown had significant preexisting medical conditions; c) saw that Ms. Brown could barely walk; d) knew that Ms. Brown could not effectively communicate without new hearing

aid batteries, and that she could not contact Plaintiff or her attorney without assistance; e) ignored or inhibited Ms. Brown's attempts to seek medical attention and contact her attorney; and f) failed to provide Ms. Brown with hearing aid batteries and her prescribed medication. *Id.* ¶¶ 29–34.

Plaintiff's allegations against the Providence Defendants are substantially different. As to the Providence Defendants, she claims that medical staff were negligent in failing to treat Ms. Brown and in discharging her, despite low levels of magnesium and phosphorus in her lab tests, to a skilled nursing facility without instructions to treat Ms. Brown's magnesium and phosphorous deficiency. *Id.* ¶¶ 14–22, 63. Plaintiff further claims that "Ms. Brown's low levels of magnesium and phosphate, combined with the loss of sodium, bicarbonate, potassium and chloride experienced by individuals with persistent nausea, vomiting, and diarrhea placed her at high risk for cardiac arrhythmia," one of the causes of death alleged in the Fourth Amended Complaint. *Id.* ¶¶ 1, 23, 36. This Court finds that the state wrongful death claim alleged against the Providence Defendants does not arise from the same nucleus of operative fact as the remaining federal claims. Accordingly, this Court declines to exercise supplemental jurisdiction over the wrongful death claim asserted against Providence.

## CONCLUSION

This Court GRANTS the Providence Defendants' motion to dismiss for lack of subject-matter jurisdiction. Defs.' Mot., ECF 50. Because Plaintiff does not assert other claims against the Providence Defendants, Defendants PSVMC, Nawaz, and Chen are DISMISSED from this action.

**IT IS SO ORDERED.**

DATED this 4th day of October, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge