IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TAMMY JURGENS**, in her personal capacity as personal representative of the Estate of Linda Brown, deceased,<br><br>Plaintiff,<br><br>v.<br><br>**COLUMBIA COUNTY**, an Oregon municipality; **BRIAN PIXLEY**, in his official capacity; **SOPHIE FRAZIER**, in her individual and official capacity; **JUSTEN JUMP**, in his individual and official capacity; **CORRECT CARE SOLUTIONS, LLC**, d/b/a **WELLPATH LLC**; **MADELINE GRIFFITH**, in her individual capacity; and **KELSIE HANSON**, in her individual capacity,<br><br>Defendants. | Case No. 3:22-cv-00300-IM<br><br>**OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR NO REAL PARTY IN INTEREST** |

Dale Henry Pugh, Dale Pugh Law, 11374 Xavier Drive, Suite 101, Westminster, CO 80031. Jacob Johnstun, Johnstun Injury Law LLC, 1935 St. Helens Street, Suite A, St. Helens, OR 97051. Attorneys for Plaintiff.

PAGE 1 – OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR NO REAL PARTY IN INTEREST

David C. Lewis, William E. Stabler, and Lauren E. Nweze, Lewis, Nweze & Stabler, 15875 Boones Ferry Road, #1469, Lake Oswego, OR 97035. Attorneys for Defendants Columbia County, Brian Pixley, Sophie Frazier, and Justen Jump.

Heath Fox and Ross C. Taylor, Fox Ballard, PLLC, 1325 Fourth Avenue, Suite 1500, Seattle, WA 98101. Attorneys for Defendants Correct Care Solutions, LLC, Madeline Griffith, and Kelsie Hanson.

**IMMERGUT, District Judge.**

Plaintiff Tammy Jurgens has brought this action to enforce the rights of her deceased sister. Before this Court is Defendants Columbia County, Brian Pixley, Sophie Frazier, Justen Jump, Correct Care Solutions, LLC, Madeline Griffith, and Kelsie Hanson's ("Defendants") Joint Motion to Dismiss for No Real Party in Interest ("Mot."), ECF 58. Defendants argue that this case contains no real party in interest and thus should be dismissed because Plaintiff lacks standing in her individual capacity to prosecute this action. *Id.* at 4–8. In response, Plaintiff claims that Federal Rule of Civil Procedure 17(a)(3) affords her a reasonable amount of time for a personal representative of Ms. Brown's estate to ratify, join, or be substituted into the action. Response to Joint Motion to Dismiss ("Resp."), ECF 61 at 3–7. For the reasons below, this Court DENIES Defendants' Joint Motion to Dismiss for No Real Party in Interest, ECF 58.

## BACKGROUND

On October 12, 2020, Linda Brown was arrested for driving under the influence of alcohol and taken into custody at the Columbia County Jail. Fourth Amended Complaint, ECF 43 ¶ 25. Ms. Brown remained at the Columbia County Jail until her death on October 23, 2020, when she was discovered unresponsive in her cell. *Id.* ¶¶ 29, 36.

The next month, Tammy Jurgens—one of Ms. Brown's siblings—petitioned the Circuit Court of Columbia County to be appointed as the personal representative of Ms. Brown's estate. Petition for Administration of Intestate Estate, Appointment of Personal Representative, ECF 58-

PAGE 2 – OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR NO REAL PARTY IN INTEREST

1, Ex. 2. The Circuit Court of Columbia County granted Plaintiff's petition on November 17, 2020. Limited Judgment and Appointment of Personal Representative, ECF 58-1, Ex. 3. After satisfying the Estate's debts, Plaintiff filed a Final Account with the probate court requesting that the Estate's remaining assets be distributed to Ms. Brown's surviving siblings. Final Account, ECF 58-1, Ex. 5. The Final Account stated that the Estate would be closed after all the assets were distributed and the court filed a Supplemental Judgment. *Id.* The probate court then approved the proposed distributions in the Final Account and reiterated that the Estate would be closed after all the assets were distributed and the court filed a Supplemental Judgment. General Judgment, ECF 58-1, Ex. 6. On July 26, 2021, Plaintiff notified the probate court that she had received her share of the Estate's assets and requested that the Estate be closed. Receipt, ECF 58-1, Ex. 7. Then, on August 2, 2021, the presiding judge issued a Supplemental Judgment closing the Estate and discharging Plaintiff as personal representative. Supplemental Judgment, ECF 58-1, Ex. 7.

On February 24, 2022, Plaintiff filed her original Complaint on behalf of the Estate, asserting constitutional and Oregon State claims against Defendants for conduct related to Ms. Brown's death. Complaint, ECF 1. Within the Complaint, Plaintiff erroneously claimed to be the personal representative of the Estate. *See id.* ¶ 33. Throughout this litigation, Plaintiff has filed four amended complaints, each asserting that she was personal representative of the Estate. *See* First Amended Complaint, ECF 5 ¶ 33 ; Second Amended Complaint, ECF 11 ¶ 33; Third Amended Complaint, ECF 30 ¶ 37; Fourth Amended Complaint, ECF 43 ¶ 52. On February 5, 2024, Defendants filed a Motion to Dismiss For No Real Party in Interest, ECF 58. Plaintiff then petitioned the probate court to be reappointed as personal representative, which the court granted on February 26, 2024. *See* Supplemental Response, ECF 67, Ex. 1.

PAGE 3 – OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR NO REAL PARTY IN INTEREST

## LEGAL STANDARDS

"An action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Where the action is originally brought by a party other than the real party in interest, the Federal Rules limit a court's ability to "dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." *Id.* 17(a)(3). If the real party in interest ratifies, joins, or is substituted into the case, the "action proceeds as if it had been originally commenced by the real party in interest." *Id.*

In determining whether to grant relief under Rule 17(a)(3), courts are instructed to consider whether the plaintiff made an understandable mistake naming the incorrect party in interest and whether the defendant would be prejudiced by such relief. *See Hassanati ex rel. Said v. Int'l Lease Fin. Corp.*, 643 F. App'x 620, 622 (9th Cir. 2016); *see also Jones v. Las Vegas Metro. Police Dep't*, 873 F.3d 1123, 1128–29 (9th Cir. 2017).

## DISCUSSION

Defendants argue that because Plaintiff was discharged as personal representative on July 27, 2021—before filing this case—she is not a real party in interest and therefore this case must be dismissed. Mot., ECF 58 at 4–6. Defendants also assert that Plaintiff's failure to name a real party in interest should not be excused under Rule 17(a)(3) for two reasons: (1) Plaintiff's failure to name the real party in interest was not an understandable mistake, and (2) Defendants have been prejudiced by defending a case without a real party in interest. *Id.* at 6–8; Defendants' Reply in Support of their Motion to Dismiss ("Reply"), ECF 66 at 6–7. Plaintiff concedes that she was not a real party in interest at the time of filing this case, but argues that her error claiming to be personal representative was an honest and understandable mistake. Resp., ECF 61

at 3–7. She also argues that Defendants would not be prejudiced if this Court excuses her error under Rule 17. *Id.* at 7. At bottom, Plaintiff requests a reasonable amount of time to ratify the action, *Id.* at 3–7. As explained below, this Court agrees with Plaintiff and holds that she is entitled to a reasonable amount of time to substitute, join, or ratify a real party in interest under Rule 17(a)(3).

**A. Plaintiff's Failure to Name a Real Party in Interest is Excusable**

Defendants argue that Plaintiff's error was not understandable because she was aware—or should have been aware—that she was not personal representative of the Estate when she filed her Complaint. Mot., ECF 58 at 7. Plaintiff counters that her mistake was understandable and honest because she was unaware that she had been discharged as personal representative until Defendants filed their Motion. Resp., ECF 61 at 5–7. As explained below, Plaintiff's error is excusable.

Relief under Rule 17(a)(3) is available where counsel makes an "understandable" error in naming the real party in interest. *Jones*, 873 F.3d at 1128 (citation omitted). The purpose of Rule 17(a)(3) is "to prevent forfeiture of a claim when an honest mistake was made." *Id.* (citation omitted). However, relief under Rule 17(a)(3) is unavailable when a plaintiff makes a "strategic decision" to name an incorrect real party in interest. *Dunmore v. United States*, 358 F.3d 1107, 1112 (9th Cir. 2004); *see also United States ex rel. Wulff v. CMA, Inc.*, 890 F.2d 1070, 1075 (9th Cir. 1989) (stating that relief under Rule 17(a) is unwarranted "where a party with no cause of action files a lawsuit to toll the statute of limitations and later obtains a cause of action through assignment.").

In this Court' view, Plaintiff committed an honest mistake when she initiated this action despite her having been discharged as personal representative of the Estate. The probate court

discharged Plaintiff as personal representative at her request on July 27, 2021. *See* General Judgment, ECF 58-1, Ex. 6 at 1–2; Supplemental Judgment, ECF 58-1, Ex. 8. After Defendants objected to the lack of real party in interest, Plaintiff filed a declaration attesting under penalty of perjury that she did not remember receiving the Supplemental Judgment and "truly and honestly was unaware that [she] had been discharged as personal representative" of the Estate. Declaration of Tammy Jurgens ("Jurgens Decl."), ECF 61, Ex. 1 ¶ 4. She also stated that she continues to manage a bank account for the Estate because she believed that she continued to serve as the Estate's personal representative. *Id.* Defendants have presented no reason for this Court to question the veracity of these representations.

      Although with some investigation Plaintiff could have discovered that she was not the personal representative of the Estate, her sworn statement and continued activities managing the Estate's affairs show that she made an honest mistake by filing this action despite not serving as a real party in interest. *See Jones*, 873 F.3d at 1128 (concluding that the district court abused its discretion by not allowing plaintiffs an opportunity to substitute the proper party even though plaintiffs provided "hardly the best excuse" for failing in the first place to name the real party in interest); *Liberty Mut. Ins. Grp. v. Panelized Structures, Inc.*, No. 2:10-CV-01951-MMD, 2013 WL 760343, at *5 (D. Nev. Feb. 26, 2013) (finding plaintiff's "inadvertence, even if bordering on unreasonable, is not the type of action excepted from substitution under Rule 17(a)."); *see also* 6A Charles Alan Wright et al., Federal Practice and Procedure § 1555 (3d ed. Apr. 2023 update) (noting the "judicial tendency to be lenient when an honest mistake has been made in selecting the proper plaintiff"). Further, excusing Ms. Jurgen's honest mistake under Rule 17(a)(3) is consistent with the Ninth Circuit's "longstanding policy in favor of deciding cases on the merits." *Jones*, 873 F.3d at 1128 (citations omitted).

PAGE 6 – OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR NO REAL PARTY IN INTEREST

Ms. Jurgen's swift action to seek reappointment as personal representative also evidences that she made an honest mistake. After Defendants objected to the lack of real party in interest in this case, Plaintiff applied to be reappointed as personal representative, which was ultimately granted by the state court. *See* Jurgens Decl., ECF 61, Ex. 1 ¶¶ 4, 5; Supplemental Response, ECF 67, Ex. 1 at 1–2. The entire process to be reappointed as personal representative took three weeks, *see id.*, and easily could have taken place before the litigation began had Plaintiff been aware that she was no longer occupied that role.

In sum, this Court finds that Ms. Jurgen's honest mistake of falsely claiming to be the Estate's personal representative does not preclude relief under Rule 17.

**B. Defendants' Proffered Cases Are Inapplicable**

Defendants advance three cases to support their argument that Plaintiff's mistake does not warrant relief under Rule 17(a)(3), but in those cases, the courts denied Rule 17(a) relief under circumstances very different from those here. In *Hassanati ex rel. Said v. International Lease Finance Corp.*, 643 F. App'x 620, the plaintiffs, even after being warned that they needed to be appointed as personal representatives, took twenty-two months before seeking appointment. *Id.* at 622–23. Likewise, in *Frank v. Wells Fargo Bank*, 620 F. Supp. 3d 1024 (C.D. Cal. 2022), the district court gave the plaintiff seven months to seek appointment as executor of his father's estate, but the plaintiff's petition was rejected in state court and there was no indication that a future petition would be accepted. *Id.* at 1028–29. And finally, in *In re Sandia Resorts, Inc.* No. 11-15-11532 JA, 2016 Bankr. LEXIS 2125 (Bankr. D.N.M. May 26, 2016), the plaintiff there purposefully sued despite knowing that it was not the real party in interest—thus engaging in what the bankruptcy court called "deliberate tactical maneuvering." *Id.* at *22 (citation omitted); *see id.* at *22–24.

The facts of those cases are far afield from the facts here. As explained above, Plaintiff initiated this case under an earnest belief that she was still the personal representative of the Estate, and she was unaware that she had been discharged from the role until Defendants filed their Motion on February 5, 2024. *See* Jurgens Decl., ECF 61, Ex. 1 ¶ 4. At which point, she promptly applied to be reappointed as personal representative and was granted that status three weeks after Defendants filed their Motion. *See id.* ¶ 5; Limited Judgment to Appoint Personal Representative, ECF 67, Ex. 1. Unlike the plaintiffs in *Hassanati* and *Frank*, Plaintiff did not dawdle upon finding out she was not the representative to her sister's estate. Nor is there any indication that Plaintiff, like the plaintiff in *Sandia Resorts*, filed this suit knowing that she was not the real party in interest. Defendants' cases are therefore unavailing.

## C.  Defendants Have Not Been Prejudiced

In passing, Defendants claim that they have been prejudiced by defending a case without a real party in interest. Reply, ECF 66 at 2, 7. But defending a case on the merits constitutes minimal prejudice. *Cf. Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224–25 (9th Cir. 2000) (examining prejudice in the context of a Rule 60(b)(1) motion). "[A]s long as defendant is fully [apprised] of a claim arising from specified conduct and has prepared to defend the action, defendant's ability to protect itself will not be prejudicially affected if a new plaintiff is added, and defendant should not be permitted to invoke a limitations defense." *Liberty Mut. Ins. Grp*, 2013 WL 760343, at *3 (brackets omitted) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1501 (3d ed. 2012)).

Plaintiff's belated reappointment as personal representative does not affect Plaintiff's claims, nor does it require any new discovery. *See Brohan ex rel. Brohan v. Volkswagen Mfg. Corp. of Am.*, 97 F.R.D. 46, 50 (E.D.N.Y. 1983) (finding no prejudice where "[n]o [party] has

PAGE 8 – OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR NO REAL PARTY IN INTEREST

been misled in the slightest degree as to the nature of the claim or the issues at stake"); *cf. Immigrant Assistance Project of L.A. Cnty. v. INS.*, 306 F.3d 842, 858 (9th Cir. 2002) (concluding in the Rule 15(c) context that adding new plaintiffs does not prejudice defendants where the "new plaintiffs . . . are similarly situated to the original plaintiffs").

Further, the delay to this litigation has been minimal as Plaintiff was reappointed as the representative of the Estate on February 26, 2024—three weeks after Defendants filed this Motion. Limited Judgment to Appoint Personal Representative, ECF 67, Ex. 1. Accordingly, Defendants have not established prejudice here.[1]

\*   \*   \*

Because Plaintiff made an honest mistake in claiming to be the personal representative of Ms. Brown's Estate, and Defendants have not established prejudice from this error, this Court holds that Tammy Jurgens was entitled to a reasonable amount of time to substitute, join, or ratify a real party in interest under Rule 17(a)(3) for the Estate of Linda Brown, which she has now accomplished.[2]

///
///
///
///

---

[1] On the other hand, dismissal of this matter would severely prejudice Plaintiff and the Estate itself as Defendants conveniently filed this Motion after the statute of limitations had expired for Plaintiff's causes of action. *See* Resp., ECF 61 at 2.

[2] Because Rule 17 warrants relief here, this Court need not consider Plaintiff's alternative argument that Defendants are required to amend their answer before claiming that this case should be dismissed for lack of real party in interest. *See* Resp., ECF 61 at 8–9.

PAGE 9 – OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR NO REAL PARTY IN INTEREST

## CONCLUSION

For the reasons above, Defendants' Joint Motion to Dismiss for No Real Party in Interest, ECF 58 is DENIED. Because the probate court has now reappointed Tammy Jurgens as personal representative for the Estate of Linda Brown, this Court allows Ms. Jurgens to continue to serve as the Plaintiff in this matter.

**IT IS SO ORDERED.**

DATED this 22nd day of March, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge